ORMSBY & FARNHAM *v.* ORANGE FIFIELD.

*Assignment.   Contract.   Attorneys.*

C. being sued on a contract as principal, defended on the ground of having been an agent of M. and employed the plaintiffs, who were law partners, as attorneys, but was defeated. He then brought an action against M. to recover what he had been compelled to pay and his expenses in that suit, and pending the suit assigned his entire claim against M. to F. upon sufficient consideration, and subsequently settled with the plaintiffs by giving his note for the amount of their claim for services, at the same time informing them of his intention to include the same as a part of his claim against M., and agreed that if he recovered they should have so much of the judgment against M. The whole claim was allowed, and the assignee, F., collected the whole amount of the judgment and now holds the money. *Held,* that his right thereto is superior to that of the plaintiffs; that the plaintiffs' claim exists against C. only.

As M. was not liable to the plaintiffs with C., the claim of the latter upon M. was the same before the settlement with the plaintiffs as after, and the effect of the assignment was to vest in F. the equitable title to the whole claim, unaffected by any agreement between C. and the plaintiffs, or by the fact that the amount of the plaintiffs' debt was embraced in the judgment against M.

The opinion of the court was delivered by

PIERPOINT, J.   This is an action in general assumpsit to recover a sum of money which the plaintiffs claim the defendant has in his hands that belongs to them. The case was tried by the court upon the plea of the general issue. From the statement of the case it appears that one Cutler, as the agent of one Martin, entered into a contract on which he was afterwards sued as the principal. He defended upon the ground that the suit should have been brought against Martin, and employed the plaintiffs as attorneys to manage his defence. Cutler was defeated in the suit, on the ground that he did not disclose his agency when he made the contract, and was compelled to pay damages and costs. He then brought an action against Martin, to recover what he had thus been compelled to pay, and his expenses in that suit. While this suit was pending against Martin, Cutler assigned the claim against Martin to Fifield, the defendant, upon sufficient consideration. After this assignment both Cutler and Fifield aided in, and contributed to the expense of, the prosecution of the suit. Just before the trial in that suit, Cutler went to the plaintiffs in this suit, and gave them his note for the amount of their claim against him for services rendered in the former suit against Cutler, and took a bill thereof receipted by the plaintiffs,

at the same time informing them that his purpose was to carry the amount of their claim in, as a part of his claim against Martin, and agreed with the plaintiffs that if such claim was allowed they should have the benefit of it, and have so much of the judgment against Martin. The claim was allowed, and the amount of it embraced in the judgment against Martin. Fifield collected the whole amount of the judgment, and now holds the money. The question here is, which of the two, the plaintiffs or Fifield, have the superior right to that money?

The assignment was made to Fifield first in point of time, and transferred to him all of Cutler's claim against Martin. This claim consisted of what Cutler had paid to discharge the judgment against him, and what he had paid, or become liable for, in attempting to defend against it. Of this latter class was the plaintiffs' claim against him, for services rendered as attorneys in that suit. Cutler had not paid or settled the amount of the plaintiffs' debt at the time of the assignment to Fifield. When he adjusted the matter by giving the plaintiffs his note and having the amount receipted, he seems to have acted upon the supposition that it was necessary he should do so, to give him the right to make a claim therefor upon Martin. But such was not the case. His claim against Martin for the amount was just as good before he settled with the plaintiffs and gave them his note, as it was afterwards, and if he had paid them the money, it would have made no difference in this respect. Martin was in no way liable to the plaintiffs for their account against Cutler. The defence was not made by Cutler for Martin's benefit, or as his agent, but solely for the purpose of shielding himself, and throwing the whole responsibility upon Martin. Whether Martin was liable to Cutler for this debt, is a question we have no occasion now to discuss. Cutler made the claim and succeded in establishing it, and the defendant has collected the money. If Martin had been liable to the plaintiffs with Cutler, then it might have been necessary for Cutler to settle the debt so as to discharge Martin's liability to the plaintiffs before he could recover of Martin the amount; but such was not the case; hence Cutler's claim upon Martin was the same when he made the assignment to Fifield, that it was after he had adjusted the matter with the plaintiffs, and the effect of the as-

signment was to vest in Fifield the equitable title to the whole claim. This being so, Cutler could not by any agreement between himself and the plaintiffs, divest Fifield of his title to any part of the demand, and give the plaintiffs the right to call it out of his hands. Neither could the plaintiffs by any refusal to assent, or any objection to the proceedings by Cutler against Martin, have prevented Cutler from enforcing his claim for the amount of their demand in that suit. His right to do so rested solely upon the fact that he was liable to the plaintiffs for it. In short, Cutler gained nothing by the arrangement, and the plaintiffs lost nothing. They occupied the same relation to each other after it as before—that of debtor and creditor; the only difference was that the plaintiffs' debt was evidenced by a note of hand, instead of an open account.

The fact that the amount of the plaintiffs' debt was embraced in the judgment against Martin gave them no lien upon that judgment, and would not have had that effect even if the judgment had remained the property of Cutler; their claim then must have rested solely upon the agreement.

If it be said that Fifield suffered Cutler to act in the management of the suit against Martin, as he would have done if he had been the owner of the claim involved in that suit, and the plaintiffs supposing him to be the owner, and having no knowledge of Fifield's interest in it, had entered into the arrangment with Cutler upon that supposition, Fifield should now be estopped from setting up a claim to it as against the plaintiffs. It is a sufficient answer, even if the facts be so, that the plaintiffs have been in no way prejudiced by the agreement, they have lost no right thereby, and are in no worse position than they would have been if no such arrangement had been made. Their right to pursue their claim against Cutler has continued, and still exists unimpaired.

Upon any view we are able to take of the case, the plaintiffs are not entitled to recover.

Judgment of the county court is reversed, and judgment rendered for the defendant.

———, for the defendant.

*Ormsby & Farnham*, plaintiffs *pro se.*